**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Dennis Welsh**, <br><br> Plaintiff, <br><br> vs. <br><br> **MD Helicopters, Inc.**, an Arizona corporation, **Southwest Technical Solutions, Inc.,** an Arizona corporation, **Alan Carr and Jane Doe Carr**, a married couple, **Yaropolk Hladkyj and Jane Doe Hladkyj**, a married couple, **Barry Sullivan and Jane Doe Sullivan**, a married couple, **Timothy Mahowald and Jane Doe Mahowald**, a married couple, and **Joetta Midkiff and John Doe Midkiff**, a married couple, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Dennis Welsh ("Plaintiff" or "Welsh"), sues the Defendants, MD Helicopters, inc. ("MD Helicopters"), Southwest Technical Solutions, Inc. ("STS"), Alan Carr and Jane Doe Carr, Yaropol Hladkyj and Jane Doe Hladkyj, Barry Sullivan and Jane Doe Sullivan, Timothy Mahowald and Jane Doe Mahowald, and Joetta Midkiff and John Doe Midkiff (collectively "Defendants"); and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § Title 23, Chapter 8; and the Arizona Wage Act ("AWA"), A.R.S. § 23-351, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant MD Helicopters was an Arizona corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant MD Helicopters does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Under the FLSA, Defendant MD Helicopters is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant MD Helicopters had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant MD Helicopters is subject to liability under the FLSA.

10. At all material times, Defendant STS was an Arizona corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant

1  STS does business, has offices, and/or maintains agents for the transaction of its
2  customary business in Maricopa County, Arizona.
3      11.    Under the FLSA, Defendant STS is an employer.  The FLSA defines
4  "employer" as any person who acts directly or indirectly in the interest of an employer in
5  relation to an employee.  At all relevant times, Defendant STS had the authority to hire
6  and fire employees, supervised and controlled work schedules or the conditions of
7  employment, determined the rate and method of payment, and maintained employment
8  records in connection with Plaintiff's employment with Defendants.  As a person who
9  acted in the interest of Defendants in relation to the company's employees, Defendant
10 STS is subject to liability under the FLSA.
11     12.    Defendants Alan Carr and Jane Doe Carr are, upon information and belief,
12 husband and wife.  They have caused events to take place giving rise to the claims in this
13 Complaint as to which their marital community is fully liable.  Alan Carr and Jane Doe
14 Carr are owners of Defendant MD Helicopters and were at all relevant times Plaintiff's
15 employers as defined by the FLSA, 29 U.S.C. § 203(d).
16     13.    Under the FLSA, Defendants Alan Carr and Jane Doe Carr are employers
17 under the FLSA.  The FLSA defines "employer" as any person who acts directly or
18 indirectly in the interest of an employer in relation to an employee.  At all relevant times,
19 Defendants Alan Carr and Jane Doe Carr had the authority to hire and fire employees,
20 supervised and controlled work schedules or the conditions of employment, determined
21 the rate and method of payment, and maintained employment records in connection with
22 Plaintiff's employment with Defendants.  As persons who acted in the interest of

Defendants in relation to the company's employees, Defendants Alan Carr and Jane Doe Carr are subject to individual liability under the FLSA.

14.  Defendants Yaropolk Hladkyj and Jane Doe Hladkyj are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Yaropolk Hladkyj and Jane Doe Hladkyj are owners of Defendant MD Helicopters and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.  Under the FLSA, Defendants Yaropolk Hladkyj and Jane Doe Hladkyj are employers under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Yaropolk Hladkyj and Jane Doe Hladkyj had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Yaropolk Hladkyj and Jane Doe Hladkyj are subject to individual liability under the FLSA.

16.  Defendants Barry Sullivan and Jane Doe Sullivan are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Barry Sullivan and Jane Doe Sullivan are owners of Defendant MD Helicopters and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

1   17. Under the FLSA, Defendants Barry Sullivan and Jane Doe Sullivan are
2   employers under the FLSA. The FLSA defines "employer" as any person who acts
3   directly or indirectly in the interest of an employer in relation to an employee. At all
4   relevant times, Defendants Barry Sullivan and Jane Doe Sullivan had the authority to hire
5   and fire employees, supervised and controlled work schedules or the conditions of
6   employment, determined the rate and method of payment, and maintained employment
7   records in connection with Plaintiff's employment with Defendants. As persons who
8   acted in the interest of Defendants in relation to the company's employees, Defendants
9   Barry Sullivan and Jane Doe Sullivan are subject to individual liability under the FLSA.
10   18. Defendants Timothy Mahowald and Jane Doe Mahowald are, upon
11   information and belief, husband and wife. They have caused events to take place giving
12   rise to the claims in this Complaint as to which their marital community is fully liable.
13   Timothy Mahowald and Jane Doe Mahowald are owners of Defendant STS and were at
14   all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).
15   19. Under the FLSA, Defendants Timothy Mahowald and Jane Doe Mahowald
16   are employers under the FLSA. The FLSA defines "employer" as any person who acts
17   directly or indirectly in the interest of an employer in relation to an employee. At all
18   relevant times, Defendants Timothy Mahowald and Jane Doe Mahowald had the
19   authority to hire and fire employees, supervised and controlled work schedules or the
20   conditions of employment, determined the rate and method of payment, and maintained
21   employment records in connection with Plaintiff's employment with Defendants. As
22   persons who acted in the interest of Defendants in relation to the company's employees,

1  Defendants Timothy Mahowald and Jane Doe Mahowald are subject to individual

2  liability under the FLSA.

3      20.     Defendants Joetta Midkiff and John Doe Midkiff are, upon information and

4  belief, husband and wife.  They have caused events to take place giving rise to the claims

5  in this Complaint as to which their marital community is fully liable.  Joetta Midkiff and

6  

7  John Doe Midkiff are owners of Defendant STS and were at all relevant times Plaintiff's

8  employers as defined by the FLSA, 29 U.S.C. § 203(d).

9      21.     Under the FLSA, Defendants Joetta Midkiff and John Doe Midkiff are

10 employers under the FLSA.  The FLSA defines "employer" as any person who acts

11 

12 directly or indirectly in the interest of an employer in relation to an employee.  At all

13 relevant times, Defendants Joetta Midkiff and John Doe Midkiff had the authority to hire

14 and fire employees, supervised and controlled work schedules or the conditions of

15 

16 employment, determined the rate and method of payment, and maintained employment

17 records in connection with Plaintiff's employment with Defendants.  As persons who

18 acted in the interest of Defendants in relation to the company's employees, Defendants

19 Joetta Midkiff and John Doe Midkiff are subject to individual liability under the FLSA.

20 

21     22.     Plaintiff is further informed, believes, and therefore alleges that each of the

22 Defendants herein gave consent to, ratified, and authorized the acts of all other

23 Defendants, as alleged herein.

24     23.     Defendants, and each of them, are sued in both their individual and

25 

26 corporate capacities.

27

24. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

25. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

26. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

27. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

28. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

29. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

30. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

31. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

34. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

35. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

36. Plaintiff was hired by Defendants in approximately June 1, 2021, and Plaintiff worked for Defendants until approximately August 12, 2021.

37. At all relevant times, in his work for Defendants, Plaintiff worked as a completion mechanic, performing such job duties as installing extra components after the helicopters had run through the production line.

38. Upon information and belief, Defendants, in their sole discretion, agreed to pay Plaintiff $31.00 per hour regardless of the number of hours he worked in a given workweek.

39. Defendants MD Helicopters and STS were involved in the process of hiring Plaintiff.

40. Defendant STS worked as a kind of temporary employment agency for Defendant MD Helicopters, contracting with individuals to provide employment services to Defendant MD Helicopters.

41. Plaintiff was contracted with Defendant STS and was paid by Defendant STS for the work he performed for Defendant MD Helicopters, with a promise to be brought on directly with Defendant MD Helicopters later in 2021.

42. Upon information and belief, Defendant MD Helicopters interviewed Plaintiff for his position.

43. Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

44. Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

45. In his work for Defendants, and throughout his entire employment with Defendants, Plaintiff was not compensated $684 per week on a salary basis.

46. Plaintiff, in his work for Defendants, was subject to a policy and practice of having varying amounts of weekly pay based on quality or quantity of work.

47. Defendants controlled Plaintiff's schedules.

48. In his work for Defendants, Plaintiff used equipment owned by Defendants.

49. At all relevant times, Plaintiff was economically dependent on Defendants.

50. The following further demonstrate that Plaintiff was an employee:

   a. Defendants had the exclusive right to hire and fire Plaintiff;

   b. Defendants supervised Plaintiff and subjected him to Defendants' rules;

   c. Plaintiff had no opportunity for profit or loss in the business;

   d. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

   e. Plaintiff was hired with the expectation of becoming a permanent employee;

   f. Plaintiff had no right to refuse work assigned to him by Defendants.

51. Upon information and belief, Plaintiff's final week of employment with Defendants was the week of August 9, 2021.

52. During his final week of work, Plaintiff worked Monday, Tuesday, and Wednesday for approximately 30 hours total.

53. Upon information and belief, on approximately Thursday August 12, 2021, Defendants advised Plaintiff that his contract was not being renewed and that they would mail him a check the following week for the work he performed Monday through Wednesday.

54. To date, Defendants have failed to compensate Plaintiff any wages whatsoever for his final week of work for Defendants.

55. Plaintiff acted diligently in attempting to obtain his final paycheck, but Defendants ultimately ignored Plaintiff's efforts.

56. As a result of failing to compensate Plaintiff his final paycheck, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in his final workweek.

57. As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

58. As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

59. As a result of Defendants' willful failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

60. Defendants classified Plaintiff as an independent contractor to avoid their obligation to pay Plaintiff minimum wage for all hours worked in a given workweek.

61. Plaintiff was a non-exempt employee.

62. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA, the AMWA, and the AWA.

63. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

64. Plaintiff is a covered employee within the meaning of the FLSA.

65. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

66. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

67. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

68. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

69. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. As a result of failing to compensate Plaintiff any wages whatsoever for the final pay period of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

72. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

73. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dennis Welsh, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. As a result of failing to compensate Plaintiff any wages whatsoever for the final pay period of his employment, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

76. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

77. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dennis Welsh, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

80. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

81. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

82. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

83. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Dennis Welsh, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

    A.    For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

| | | |
|---|---|---|
| | B. | For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial; |
| | C. | For the Court to award prejudgment and post-judgment interest on any damages awarded; |
| | D. | For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and |
| | E. | Such other relief as this Court deems just and proper. |

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 15th day of March 2022.

                                                            BENDAU & BENDAU PLLC

                                                            By: /s/ *Clifford P. Bendau, II*
                                                            Christopher J. Bendau
                                                            Clifford P. Bendau, II
                                                            *Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Dennis Welsh, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

                                         *Dennis John Welsh*
                                         Dennis Welsh

**Signature:** *Dennis John Welsh*
Dennis John Welsh (Mar 15, 2022 07:13 PDT)

**Email:** dennis.john.welsh@gmail.com